UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALMOTAZ ALSHAZLI,

    Plaintiff,

    v.

AMERICAN SEAFOODS COMPANY, LLC, a Washington corporation and F/T NORTHERN HAWK, her tackle, gear, furniture, apparel and equipment,

    Defendants.

Case No. C04-1684L

MEMORANDUM AND DECISION

## I. INTRODUCTION

This matter was heard by the Court in a bench trial commencing on November 28, 2005. Plaintiff Almotaz Alshazli, a seaman injured during service to his ship, seeks recovery of lost wages, loss of earning capacity, future medical expenses, and pain and suffering under the doctrine of unseaworthiness and the Jones Act. Defendants contend that plaintiff's injury resulted from his own negligence. The Court has considered the evidence presented at trial, exhibits admitted into evidence, and the arguments of counsel. Being fully advised the Court now makes the following Findings of Fact and Conclusions of Law.

MEMORANDUM AND DECISION - 1

## II.  FINDINGS OF FACT

1. In the summer of 2003, plaintiff worked as a processor aboard the defendant vessel, the F/T NORTHERN HAWK (the "vessel").  On August 14, 2003, the vessel was fishing off the coast of Alaska.

2. On August 14, 2003, plaintiff was working in the freezer hold of the vessel. His duties included stacking boxes of frozen product, sending stored supplies up to the deck, and cleaning the freezer hold.

3. While working in the freezer hold, plaintiff slipped and fell, injuring his back.

4. Plaintiff fell because he was rushing to help a fellow processor who was working in the freezer hold at the time.

5. Plaintiff's fall and resulting injury were caused, in part, by the presence of trash that had accumulated in the freezer hold of the vessel.  Despite efforts made to clean the trash, the Court finds that there was debris on the floor at the time of the accident which did cause plaintiff to slip and fall.

6. Plaintiff's fall and resulting injury were also due, in part, to his own negligence.  Plaintiff was rushing to help a fellow processor and, while the Court does not find that he was running at the time of the accident, the fact that he was rushing in the freezer hold in an area he already knew contained some debris is sufficient for the Court to find that plaintiff was partially responsible for his fall.

7. Plaintiff suffered a disc herniation injury at S5/L1.  Plaintiff underwent back surgery to alleviate his pain.  However, despite the surgery and further treatment, plaintiff claims to suffer significant back pain which severely limits his ability to work.

8. Plaintiff has not fully participated in the treatment provided to him and has exaggerated his pain symptoms.  He is capable of full-time employment at light to moderate weight restrictions, up to a maximum of 35 lbs as per the testimony of Dr.

MEMORANDUM AND DECISION - 2

Williamson-Kirkland. While it may be difficult to prove how much pain a person is experiencing, it is not difficult to prove effort. The tests administered by Dr. Williamson-Kirkland and his colleagues at Virginia Mason clearly establish a lack of serious effort in plaintiff's time at Virginia Mason's pain program. This makes his complaints of "severe" pain to Dr. Downer worthy of the doctor's concerns that there was a significant disparity between the pain plaintiff reported and the results of the diagnostic tests. Even plaintiff's expert witness Dr. Brzusek found clear signs of symptom magnification with inconsistent reports that raised concerns.

### III. CONCLUSIONS OF LAW

**A.   Jones Act Negligence**

Under the Jones Act, the basis for a ship owner's liability is grounded in negligence; the mere fact of injury will not suffice. The quantum of evidence necessary to support a finding of Jones Act negligence is less than that required for common law negligence. Jones Act plaintiffs have the benefit of a "featherweight causation standard," such that an employer is liable if it or its employee's negligence "played any part, even the slightest, in producing the injury . . . for which damages are sought." Ribitzki v. Canmar Reading & Bates, Ltd. P'ship, 111 F.3d 658, 664 (9th Cir. 1997) (quoting Lies v. Farrell Lines, Inc., 641 F.2d 765, 711 (9th Cir. 1981)). Nevertheless, plaintiff has the burden of establishing all four elements of a Jones Act claim, namely duty, breach, notice, and causation. Havens v. F/T POLAR MIST, U.S.C.G., 996 F.2d 215, 218 (9th Cir. 1993).

Ship owners owe seamen a duty under the Jones Act to provide a safe place to work. Glynn v. Roy Al Boat Mgmt. Corp., 57 F.3d 1495, 1498 (9th Cir. 1995). Whether that duty was breached here due to the presence of an unreasonable amount of debris in the freezer hold was a major issue at trial. The Court has considered all the evidence

MEMORANDUM AND DECISION - 3

presented at trial, all the exhibits admitted into evidence, the arguments of counsel and, being fully advised, finds that plaintiff has met his burden of showing that the freezer hold of the vessel was an unsafe place to work at the time of the accident.

Under the Jones Act, liability will not attach unless the employer had notice and the opportunity to correct an unsafe condition. Havens, 996 F.2d at 218. Plaintiff testified at trial that he told his foreman the freezer was cluttered with debris. He testified that the foreman sent some workers to clean the freezer hold but the freezer nevertheless remained a mess. He testified that he complained again to his foreman and his foreman sent another processor, Abdurhaman Sylla, to help clean the freezer. Mr. Sylla testified that he was cleaning trash during a kick shift in the freezer hold of the vessel at the time of the accident. The Court finds that defendants had adequate notice and the opportunity to correct the unsafe condition in the freezer hold.

After reviewing the evidence presented at trial, the exhibits admitted into evidence, and the arguments of counsel, the Court finds that plaintiff did slip in the freezer hold because of the accumulation of trash. Accordingly, plaintiff has established all four elements of his Jones Act claim.

**B.     Seaworthiness**

A vessel is unseaworthy if the ship, its appurtenances and equipment, or its crew is not reasonably fit for its intended use. Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 499 (1971). Plaintiff offered sufficient evidence in support of his argument that the vessel was unseaworthy due to an accumulation of trash in the freezer hold. In order to establish liability on the basis of unseaworthiness, a plaintiff must demonstrate that the unseaworthy condition was the proximate cause of the injury. Ramos v. Matson Navigation Co., 316 F.2d 128, 131 (9th Cir. 1963). As discussed in the Jones Act section, supra, and for all the same reasons, the Court finds that plaintiff has met his

MEMORANDUM AND DECISION - 4

burden of showing that the vessel was unfit for its intended use and that the accumulation of trash in the freezer proximately caused plaintiff's fall.

### C.  Contributory Negligence

In maritime law the contributory negligence of the seaman does not bar recovery, but diminishes damages on the basis of comparative negligence in proportion to the amount of negligence attributable to contributory fault.  45 U.S.C. § 53; <u>Vance v. American Hawaii Cruises, Inc.</u>, 789 F.2d 790 (9th Cir. 1986).  The Court finds that plaintiff is 25% responsible for his accident.

### D.  Past Lost Earnings

The Court adopts the past lost earnings as stated by plaintiff.  Minus the 25% for contributory negligence, the Court calculates total past lost earnings at $36,294.75.  The Court does not deduct for either maintenance and cure or state unemployment benefits.

### E.  Future Lost Earnings

The Court finds the testimony of defense witness John Berg persuasive as to plaintiff's future earning capacity and accordingly refrains from awarding any damages for future earnings.  The Court is not expecting plaintiff to return to Sudan or utilize any money or resources available through his family.  But he is an intelligent, educated man with some marketable skills and an ability to do full-time employment at or above the dollar level he was making pre-injury.

### F.  Future Medical Damages

As to future medical damages the Court finds that an award of $9,000 is reasonable as defendant's portion based on the allocation of fault.

### G.  Pain and Suffering Damages

Plaintiff has endured, and will in the future suffer, pain and suffering due to his injury.  The Court finds that an award of $25,000 for plaintiff's pain and suffering is

MEMORANDUM AND DECISION - 5

appropriate.

**H.      Prejudgment Interest**

A court has authority to award prejudgment interest at its discretion. Vance, 789 F.2d at 794. The Court finds that an award of prejudgment interest is warranted here as to the past economic damages of $36,294,75.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds in favor of plaintiff and awards lost wages, future medical expenses, and pain and suffering in total amount of $70,294.75, with prejudgment interest on $36,294.75. The Clerk of the Court is directed to enter judgment accordingly.

DATED this 12th day of December, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

MEMORANDUM AND DECISION - 6