UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALMOTAZ ALSHAZLI, individually,

    Plaintiff,

vs.

AMERICAN SEAFOODS COMPANY, LLC, a Washington corporation and C/P NORTHERN HAWK, her tackle, gear, Furniture, apparel and equipment,

    Defendant.

Case No. C04-1684 RSL

ORDER ON THE APPROVAL AND DISTRIBUTION OF ATTORNEY'S FEES

    This matter comes before the Court on Mr. Sheffield's "Motion For Approval Of Attorneys Fees And Order Directing Distribution Of Same" (Dkt. # 43). Mr. Sheffield asks the Court to approve his attorney's lien of $4,847.31 and to direct defense counsel to distribute the funds to his possession.

    Plaintiff originally retained Mr. Sheffield on contingency to represent him in his personal injury action. He terminated the legal services of Mr. Sheffield after Ms. Wong, a former associate at Mr. Sheffield's firm, joined the firm of Moran Windes & Wong. Ms. Wong represented plaintiff for the remainder of the litigation. After a trial before the court, plaintiff received a verdict of $70,294.75 with prejudgment interest on $36,294.75.

ORDER ON THE APPROVAL AND DISTRIBUTION
OF ATTORNEY'S FEES - 1

Mr. Sheffield asserts an attorney's lien of $4,847.31 for services performed during his representation of plaintiff. He arrives at said amount based upon a calculation in which he multiplies the hours he and two legal assistants spent on plaintiff's case by an hourly rate of $175.00 for himself, $75.00 for his first legal assistant and $50.00 for his second legal assistant. Mr. Sheffield includes court costs of $539.81 to reach his final lien amount of $4,847.31.

Ms. Wong argues that the Court should use an alternate method to calculate Mr. Sheffield's lien. She states that the Court should apply a percentage-based approach wherein Mr. Sheffield is awarded an amount based upon his firm's percentage of the total attorney hours worked in plaintiff's case. According to Ms. Wong's calculations, Mr. Sheffield's firm contributed 6.57% of the total attorney time and should be awarded 6.57% of the total attorney's fees of $25,301.64, or $1,662.31. Ms. Wong includes Mr. Sheffield's court costs of $539.81 for a total lien amount of $2,202.12.

Pursuant to RCW 4.84.020, in "cases in which attorneys' fees are allowed, the amount thereof shall be fixed by the court at such sum as the court shall deem reasonable." The Court awards reasonable attorney's fees when an attorney hired on a contingency "'is discharged or prevented from performing the service.'" Ross v. Scannell, 97 Wn.2d 598, 608-09 (1982) (quoting Ramey v. Graves, 112 Wn. 88, 91 (1920)). In its determination of a reasonable amount, the Court examines "the amount of time expended, the difficulty of the questions involved, and the skill required." Merrick v. Peterson, 25 Wn. App. 248, 256 (1980). Analyzing the specific circumstances of a case, the Court may also look to additional factors such as "values involved and results obtained, fees customarily charged, and experience, reputation and ability of the attorney." Olsen Media v. Energy Sciences, Inc., 32 Wn. App. 579, 586 (1982).

The Court grants Mr. Sheffield an attorney's lien of $2,600.00. In light of the complexity of the case and the relative time devoted to it by both attorneys, the Court finds that $2,600.00 is reasonable payment for Mr. Sheffield's work on plaintiff's litigation. Neither Mr. Sheffield nor

ORDER ON THE APPROVAL AND DISTRIBUTION
OF ATTORNEY'S FEES - 2

1  Ms. Wong disputes the other's records.  Mr. Sheffield participated in the initiation of plaintiff's
2  claim and in the first day of plaintiff's deposition, and Ms. Wong represented plaintiff prior to,
3  during and after his trial before the court.  The lien amount of $2,600.00 includes hours worked
4  by Mr. Sheffield, hours worked at a reduced hourly rate by his legal assistants and his court
5  costs of $539.81.

6  For all of the foregoing reasons, Mr. Sheffield's "Motion For Approval Of Attorneys Fees
7  And Order Directing Distribution Of Same" (Dkt. # 43) is APPROVED in the amount of
8  $2,600.00.

10  DATED this 10th day of March, 2006.

12  *[signature]*
13  Robert S. Lasnik
    United States District Judge

28  ORDER ON THE APPROVAL AND DISTRIBUTION
    OF ATTORNEY'S FEES - 3